**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Cause No. 1:11-cr-99-01-TWP-MJD |
| ) | |
| **RAQUEL D. VAUGHN,** ) | |
| ) | |
| **Defendant.** ) | |

## MAGISTRATE JUDGE=S REPORT AND RECOMMENDATION

This matter is before the Court pursuant to the October 25, 2013, Order entered by the Honorable Tanya Walton Pratt designating the duty Magistrate Judge to conduct a hearing on the Petition for Summons or Warrant for Offender Under Supervision filed on October 7, 2013.  Pursuant to that Order, the Court herein submits proposed Findings of Facts and Recommendations for disposition under Title 18 U.S.C. '' 3401(i) and 3583(e).  Proceedings were held on October 28, 2013, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On October 28, 2013, Raquel Denise Vaughn (AVaughn@) appeared in person and was appointed counsel, Joe Cleary.  The government appeared by Sharon M. Jackson, Assistant United States Attorney.  U. S. Parole and Probation appeared by Diane Asher, U. S. Parole and Probation Officer.

---

[1]  All proceedings were recorded by suitable sound recording equipment unless otherwise noted.  *See,* Title 18 U.S.C. ' 3401(e).

The Court conducted the following procedures in accordance with Rule 32.1(b)(2), Fed. R. Crim. P. and Title 18 U.S.C. ' 3583:

1. Vaughn was advised of the nature of the proceeding and the rights that are afforded to her during such proceedings.

2. Vaughn was advised of the violations alleged against her and acknowledged receipt of the notice of said allegations.

3. Vaughn stipulated that she committed Violations 1 and 2 set forth in the Petition for Warrant or Summons for an Offender Under Supervision, filed with the Court on October 7, 2013, as follows:

**Violation Number 1:**

"The defendant shall notify the probation officer at least 10 days prior to any change in residence or employment."

Ms. Vaughn reported to the probation office on August 9, 2013, as scheduled. At that time, she reported the lease at her residence was expiring at the end of the month, but her plan was to renew it. In the event she did not, she was given concise instructions to immediately report any change in her address to the probation officer, and was informed of her responsibility to keep this officer apprised of her whereabouts. Subsequently, attempts were made to locate the offender at her last known address of 1313 N. Olney Street, Indianapolis, IN, on August 22, 2013, and September 5, 2013. On the latter date, contact was made with neighbors on the other side of the duplex, who informed this officer Ms. Vaughn had vacated the residence approximately a week earlier. Also, they reported they saw the offender there at some point, and told her "someone with a badge" had been there in August 2013 looking for her. She responded, "Yeah, I got the card, I know who she is." Ms. Vaughn has made no attempts to contact the probation officer. Her whereabouts are unknown. On October 2, 2013, a representative from TBH Management confirmed the offender abandoned the residence at 1313 N. Olney Street sometime between August 19 and August 31, 2013.

**Violation Number 2:**

"Restitution shall be due in full immediately and shall be paid at a rate of $100 per month beginning 30 days after placement on supervision."

The offender has not regularly made payments of $100 per month toward her restitution obligation. Throughout the course of her supervision, her payments have been sporadic; and this officer believes she has not made a good faith effort to pay restitution. She indicated she would be willing to sign an Agreed Motion for Order for Continuing Wage Garnishment for $15 to be deducted from her paychecks weekly. However, she absconded before signing the document. As of October 1, 2013, approximately $2,139 has been collected from Ms. Vaughn, and her restitution balance is $58,132.53 (joint and several).

3. Both violations alleged are Grade C violations, pursuant to U.S.S.G. ' 7B1.1.

4. Vaughn=s criminal history category is I.

5. The term of imprisonment applicable upon revocation of Vaughn=s supervised release, therefore, is 3 – 9 months= imprisonment.  *See*, U.S.S.G. '  7B1.4.

6. The parties agreed that revocation, a sentence of time served, to be followed by a new one year term of supervised release, was an appropriate disposition of the case.  The parties additionally agreed that Vaughn's previous conditions of supervised release would be re-imposed with an additional condition of wage garnishment of $15/week to be applied to her order of restitution.  United States Probation agreed.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant, Raquel Denise Vaughn, violated the above-delineated conditions in the Petition.

Ms. Vaughn's supervised release is therefore **REVOKED** and she is sentenced to the custody of the Attorney General or his designee for a period of time served to be followed by a one year term of supervised release. The previously imposed conditions of supervised release are re-imposed with the additional condition that Ms. Vaughn's wages will be garnished at a rate of $15.00 per week to be applied to her order of restitution.

The Magistrate Judge requests that Diane Asher, U. S. Parole and Probation Officer, prepare for submission to the Honorable Tanya Walton Pratt, U.S. District Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge pursuant to Title 28, U.S.C. ' 636(b)(1)(B) and (C) and Rule 72(b) of the *Federal Rules of Civil Procedure*. Any party desiring said review shall have ten days after being served a copy of this Report and Recommendation to serve and file written objections to the proposed findings of facts and conclusions of law and recommendations of this Magistrate Judge. If written objections to the Magistrate Judge's proposed findings of fact and recommendations are made, the District Judge will make a *de novo* determination

of those portions of the Report or specified proposed findings or recommendations to which an objection is made.

**WHEREFORE,** the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above report and recommendation revoking Ms. Vaughn=s supervised release and imposing a sentence of imprisonment of time served to be followed by a new 12 month term of supervised release.

**IT IS SO RECOMMENDED** this   10/29/2013

_____
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution:

Sharon M. Jackson
Cynthia J. Ridgeway
Assistant United States Attorneys
Sharon.jackson@usdoj.gov
Cynthia.ridgeway@usdoj.gov

Joe Cleary
Indiana Community Federal Defender
joe_cleary@fd.org

U. S. Parole and Probation

U. S. Marshal